## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | 3:16-CR-0347 |
| v. | (MARIANI, J.) |
| ROBERT S. MONACO, | (MEHALCHICK, M.J.) |
| Defendant | |

### MEMORANDUM

This matter comes before the Court on Defendant's Motion for Reconsideration of Detention. (Doc. 246). Defendant, Robert S. Monaco, moves this Court to reconsider its earlier order of detention, and to order his temporary release pending sentencing due to a compelling reason pursuant to 18 U.S.C. § 3142(i). The Government opposes this motion. (Doc. 249).

I. **BACKGROUND AND PROCEDURAL HISTORY**

On November 30, 2016, Monaco was charged by Indictment with conspiracy to defraud the government in violation of 18 U.S.C. § 286 and theft of government funds in violation of 18 U.S.C. § 641. (Doc. 1). At his arraignment on December 1, 2016, Monaco entered a plea of "not guilty" to the charges and was released to a halfway house where he was serving a state sentence on related charges. As part of his conditions of release, Monaco was to report to federal pretrial services within 24 hours of his release from the state sentence. (Doc. 16; Doc. 17).

While serving the remainder of his sentence, Monaco was transferred to drug and alcohol treatment, and then was eventually released on parole. (Doc. 46-2). While on parole, Monaco was arrested for robbery, and detained by local authorities on those new charges.

Because of the new charges, the United States sought a warrant for Monaco's arrest and revocation of his pretrial release. (Doc. 46-2). Monaco appeared before this Court on July 2, 2018 for an initial appearance on that violation. At that hearing, after considering the factors under the Bail Reform Act, including Monaco's criminal history, inability to follow Court orders, and his ongoing criminal activity, the Court concluded that there was no condition or combination of conditions which would assure the appearance of Monaco at future proceedings, and the safety of the community if he should be released. Monaco was detained pending a hearing in front of Judge Munley. (Doc. 96). On July 23, 2018, Judge Munley held a detention hearing, after which time he ordered that Monaco remain detained pending further proceedings. (Doc. 101). On October 30, 2019, Monaco entered a guilty plea to Count 1 of the Indictment pursuant to a written guilty plea. (Doc. 201; Doc. 202). The Court accepted the guilty plea, and Monaco was adjudged guilty of conspiracy to defraud the United States, in violation of 18 U.S.C. § 286.

Monaco is currently housed at Lackawanna County Prison while he awaits sentencing. On April 3, 2020, Monaco, through counsel, filed a motion to review detention. (Doc. 246). In this motion, brought pursuant to 18 U.S.C. § 3142(i), Monaco seeks an order of temporary release to facilitate the preparation of a defense and due to a compelling reason – that he has a heightened risk of contracting COVID-19 due to his being incarcerated, and due to being 58 years of age, having bi-polar disorder, and suffering from back pain. Monaco proposes that, should he be released, he will abide by all federal and state orders related to COVID-19, will not present a danger to the community, or a risk of flight, and will abide by all federal and state laws and will not commit any criminal offenses if released. (Doc. 246).

Counsel for Monaco filed a Notice with the Court on April 7, 2020, indicating that the parties were unable to come to an agreement regarding Monaco's release from detention, and indicating that Monaco believes a hearing is necessary to present evidence of his vulnerability to COVID-19 at Lackawanna County Prison, that he is not a danger to the community should he be released, and that he will abide by all conditions of release and COVID-19 guidelines if he is released. (Doc. 248).[1]

## II.  DISCUSSION

### A.  THE COVID-19 PANDEMIC

On March 11, 2020, the World Health Organization declared the novel coronavirus known as COVID-19 a pandemic.[2] The COVID-19 outbreak caused the President of the United States to declare a national emergency and the Governor of the Commonwealth of Pennsylvania to declare a state of emergency.[3] As of the date of this writing, there are

---

[1] There is no authority to suggest that a hearing is required or necessary under § 3142(i), and the Court is able to resolve the motion without a hearing or oral argument. *See United States v. Loveings*, CR 20-51, 2020 WL 1501859, at *3 (W.D. Pa. Mar. 30, 2020).

[2] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020).

[3] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/; Governor Tom Wolf's Proclamation of Disaster Emergency (March 6, 2020), *available at* https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf.

3,672,238 confirmed cases worldwide and 254,045 deaths; in the United States, there are 1,193,452 confirmed cases and 65,197 deaths.[4] Mindful of the incredible magnitude of this situation, and the extreme health risks associated with COVID-19, the Court will address the motion for pretrial release.

    B.    CONDITIONS AT LACKAWANNA COUNTY PRISON

Attached to the Government's brief in opposition (Doc. 249) to Monaco's motion for release are the preventative actions taken by Lackawanna County Prison in response to the COVID-19 pandemic. Specifically, the prison implemented an action plan designed to mitigate the potential for spread of COVID-19 inside its facility, and for the protection of inmates and staff, including suspending contact visits, regular visitation, and visitation from volunteers, including religious leaders; implementing aggressive sanitation programs; suspending all programs that utilize "outside" employees; limiting individuals past reception to prison and medical staff; limiting attorney visits with inmates to meetings through the glass of a lawyer visitation room; cancelling all conferences and out-of-county trainings; planning for weekly contact with officials from the Pennsylvania Department of Corrections; and posting educational flyers in the blocks and in the reception area. (Doc. 249-1; Doc. 249-2).

As of April 2, 2020, one correctional officer at the Lackawanna County Prison tested positive for the virus. The Government submits that, according to the U.S. Marshals Service, the officer who tested positive did not have any close contact with Marshal Service Personnel,

---

[4] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited May 7, 2020).

and that it is unlikely, though possible, that the officer who tested positive had close contact with federal inmates at the prison. The inmates have been advised of the situation and are currently on lockdown. The prison continues to admit prisoners during the lockdown. Inmates are permitted out of their cells for showers, phone calls, attorney visits (through glass windows), and video teleconferencing for court proceedings. Additionally, all employees and other individuals (including counsel for inmates) be screened for fevers, and if necessary, other symptoms, upon entering the prison.

      C.     RELEASE PENDING SENTENCING PURSUANT TO 18 U.S.C. § 3143(A)

Monaco moves for release pursuant to 18 U.S.C. § 3142(i), which allows for "temporary release, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." That basis for release, however, applies to *pre-trial* detainees – 18 U.S.C. § 3142 is the section of the Code addressing release or detention of a defendant pending trial. Once a defendant has entered a guilty plea, he is awaiting sentencing, and his release or detention is considered under 18 U.S.C. § 3143. *United States v. Hartsell*, 3:19-CR-14(02), 2020 WL 1482175, at *1 (N.D. Ind. Mar. 25, 2020); *United States v. Felix*, 5:19CR711, 2020 WL 1677494, at *2 (N.D. Ohio Apr. 6, 2020) (release pending sentencing is governed by 18 U.S.C. § 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions); *United States v. Rollins*, 19-CR-34S, 11-CR-251S, 2020 WL 1482323, at n.1 (W.D.N.Y. Mar. 27, 2020) (§ 3142(i) does not apply to individuals seeking release pending sentencing due to COVID-19).

The Bail Reform Act provides that an individual who has been convicted and awaiting the imposition or execution of sentence must be detained unless there is a finding "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1); *United States v. Roeder*, 20-1682, 2020 WL 1545872, at *2 (3d Cir. Apr. 1, 2020).[5] Monaco bears the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community.[6] Fed. R. Crim. P. 32.1(a)(6).

Monaco submits that he should be released due to his risk of exposure to COVID-19 while incarcerated at Lackawanna County Prison.[7] That risk is not enough to change the

---

[5] If a defendant is convicted of an offense under § 3142(f)(1)(A), (B), or (C), detention pending sentencing is mandatory under 18 U.S.C. § 3143(a)(2), unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." However, if a defendant is detained pursuant to § 3143(a)(2), then he may seek release if there are exceptional reasons why his detention would not be appropriate." 18 U.S.C. § 3145(c). Monaco is not convicted of an offense listed in 18 U.S.C. § 3142(f)(1)(A), (B), or (C); as such he cannot seek release for "exceptional reasons" under § 3145(c).

[6] When considering a renewed request for release pursuant to § 3143(a)(1), the factors that the court uses to determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community" are those provided in § 3142(g). *See United States v. Wiggins*, 19-CR-258 (KBJ), 2020 WL 1868891, at *5 (D.D.C. Apr. 10, 2020); *United States v. Hawkins*, CR 2:10-00458 WBS, 2013 WL 1500376, at *1 (E.D. Cal. Apr. 10, 2013); *United States v. Tann*, No. 04-cr-392, 2006 WL 1313334, at *4 (D.D.C. May 12, 2006).

[7] Monaco also submits that his release is necessary for the preparation of his defense. This is not a basis for release under § 3143(a)(1), and as such the Court will not consider this aspect of Monaco's motion. Further, Lackawanna County Prison still allows for attorney visits, and nothing in the measures outlined by the prison indicate that attorney visits or calls

previous findings of this Court that Monaco should be detained pending sentencing. "As serious as it is, the outbreak of COVID-19 simply does not override the statutory detention provisions.... In the absence of evidence demonstrating a change in circumstances concerning [the defendant's] status as a flight risk and danger to another person or the community, detention pending sentence must be maintained." *Rollins*, 2020 WL 1482323, at *2. Nothing about the COVID-19 pandemic reduces the defendant's danger to others. *United States v. Johnson*, 4:17-CR-256-2, 2020 WL 1939588, at *6 (M.D. Pa. Apr. 22, 2020). The Court of Appeals for the Third Circuit recently noted "… the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). In considering a motion to continue a self-surrender date in light of the COVID-19 pandemic, the Third Circuit noted that "the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence," and stating that it is "imperative" that the courts "continue to carefully and impartially apply the proper legal standards that govern each individual's particular request for relief. *Roeder*, 20-1682, 2020 WL 1545872, at *3.

---

are in any other way restricted. Further, Monaco has not suggested that his situation with regard to consultation with counsel is an urgent one or otherwise distinguishable from that facing other pretrial detainees at this time. *See United States v. Dodd*, 20-CR-0016 (NEB/HB), 2020 WL 1547419, at *3 (D. Minn. Apr. 1, 2020).

Nothing presented in Monaco's motion changes any finding that his release poses a danger to the community or a risk of flight. Even considering the health issues Monaco raises which may put him at increased risk for COVID-19, his assertion of that risk is speculative, and there is nothing in the record before the Court that reflects he is not receiving necessary treatment for his conditions while in Lackawanna County Prison, or that the prison is not taking steps to mitigate his risk for infection. A defendant should not be entitled to release based solely on generalized COVID-19 fears and speculation. *See United States v. Boatwright*, 2020 WL 1639855, at *8 (D. Nev. Apr. 2, 2020) (denying motion for temporary release pursuant to § 3142(i)); *see also Raia*, 2020 WL 1647922, at *2. Monaco has not presented any additional evidence which changes the Court's evaluation of his likelihood to flee or pose a danger to the safety of the community, particularly in light of this Court's previous assessment of his criminal history, his failure to abide by conditions of release and orders of the Court, and his commission of new crimes while on release. *See United States v. Taura*, CR 2019-34, 2020 WL 1672520, at *1 (D.V.I. Apr. 3, 2020) (denying motion for release pending sentencing).

III. **CONCLUSION**

While the Court is sympathetic to the concerns regarding the spread of COVID-19, and recognizes the potential for Monaco's exposure to the virus while at Lackawanna County Prison, that potential exists anywhere in the community. Lackawanna County Prison has taken steps to minimize infection. With no evidence that prison is not providing appropriate medical care, or is unable to do so, the Court is not persuaded that Monaco should be released pending sentencing. As such, his motion (Doc. 246) is **DENIED**.

An appropriate Order will follow.

Dated: May 11, 2020					*s/ Karoline Mehalchick*
						**KAROLINE MEHALCHICK**
						**United States Magistrate Judge**